# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

LEE ROY J. STANSBERRY,

                Plaintiff,

        v.

ENTRY State of Alaska, *et al.*,

                Defendants.

Case No. 3:22-cv-00213-JMK

Case No. 3:22-cv-00215-JMK

Case No. 3:22-cv-00216-JMK

## ORDER OF DISMISSAL FOR DEFICIENT FILINGS

On August 23, 2022, September 19, 2022, and September 30, 2022, Lee Roy J. Stansberry, a self-represented prisoner ("Plaintiff"), filed civil complaints against the State of Alaska, *et al.* In each case, the Court sent a Notice of Electronic Filing ("NEF") confirming receipt of the filing to Mr. Stansberry, which was returned as undeliverable.[1] Notations on the returned envelopes indicate Mr. Stansberry refused to accept the mail.[2]

In order to properly commence a civil action, a litigant either must pay the filing fee of $402.00 or file an application to waive prepayment of the filing fee.[3]

---

[1] *Stansberry v. Entry Permanent Dividend Appeal Director,* Case No. 3:22-cv-00215-JMK, Docket 2 (Returned/Undeliverable Mail 10/14/2022); *Stansberry v. Entry State of Alaska Public Officials Representative,* Case No. 3:22-cv-00213-JMK, Docket 2 (Returned/Undeliverable Mail 10/14/2022); *Stansbery v. Enter U.S. Attorney General Merrick G.,* Case No. 3:22-cv-0216-JMK, Docket 2 (Returned/Undeliverable Mail 10/14/2022).

[2] *Id.*

[3] Local Civil Rule 3.1(c).

Prisoner litigants requesting to waive prepayment of the filing fee must include a statement from their prison trust account for the past six months.[4]  Mr. Stansberry has not paid the filing fee or filed the application to waive prepayment of the fee. Accordingly, these civil actions are deficient.  In all three cases included in this Order of Dismissal, the Court previously provided a Notice of Deficient filing and provided 30 days for Mr. Stansberry to pay the filing fee or file an application to waive payment.[5]   To date, Mr. Stansberry has not paid the fee or filed an application to waive payment.

The Court takes judicial notice[6] that Mr. Stansberry recently has filed multiple cases with this Court that also have not included the filing fee or an application to waive prepayment of the filing fee.[7]  The Court has received multiple

---

[4] Local Civil Rule 3.1(c)(3).

[5] Dockets 3, Case Nos. 3:22-cv-00213-JMK, 3:22-cv-00215-JMK, 3:22-cv-00216-JMK.

[6] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019).  A court can take judicial notice of its own files and records.  Fed. R. Evid. 201.

[7] See *Stansberry v. Enter State of Alaska Govs Dunleavy,* Case No. 3:22-cv-214-SLG, Docket 2 (Returned/Undeliverable Mail 10/14/2022), Docket 3 (Deficient Filing Order 10/17/2022), Docket 4 (Returned/Undeliverable Mail 11/01/2022); *Stansberry v. Entry U.S. District Court*, Case No. 3:22-cv-00223-JMK, Docket 2 (Returned/Undeliverable Mail 10/24/2022), Docket 3 (Deficient Filing Order 11/02/2022), Docket 4 (Returned/Undeliverable Mail 11/15/2022); *Stansberry v. Entry U.S. District Court*, Case No. 3:22-cv-00231-JMK, Docket 2 (Deficient Filing Order 11/02/2022), Docket 3 (Returned/Undeliverable Mail 11/15/2022); *Stansberry v. Enter Alaska Dept of Revenue*, Case No. 3:22-cv-211-RRB, Docket 2 (Returned/Undeliverable Mail 10/17/2022), Docket 3 (Deficient Filing Order 11/03/2022), Docket 4 (Returned/Undeliverable Mail 11/15/2022); *Stansberry v. Entry U.S. District Court Magistrate Judge John D. Roberts,* 3:22-cv-00257-SLG, Docket 2 (Returned/Undeliverable Mail 11/30/2022); Docket 3 (Dismissal for Deficient Filing 12/15/2022), Docket 5 (Returned/Undeliverable Mail 01/03/2023); *Stansberry v. Entry Federal Supreme Court,* Case No. 3:22-cv-278-JMK, Docket 2 (Returned/Undeliverable Mail 12/28/2022),

Case Nos. 3:22-cv-213-JMK, 3:22-cv-215-JMK, 3:22-cv-216-JMK, *Stansberry v. Entry et al.*
Order of Dismissal for Deficient Filing
Page 2 of 3

returned Notices and Orders as refused, undeliverable mail.[8]  Therefore, in the interests of judicial economy, the Court has consolidated the three cases before Judge Joshua M. Kindred.  The Court must dismiss these cases without leave to amend, but without prejudice should Mr. Stansberry seek to properly file new complaints and pay the filing fee or file the application to waive prepayment for each new complaint.

In light of the foregoing, IT IS ORDERED that these actions are DISMISSED without prejudice.  The Clerk of Court is directed to enter a final judgment in each case (3:22-cv-00213-JMK, 3:22-cv-00215-JMK, and 3:22-cv-00216-JMK) accordingly.

DATED this 2nd day of February 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

Docket 3 (Dismissal for Deficient Filing 01/03/2023), Docket 5 (Returned/Undeliverable Mail 01/17/2023).

[8] *Id.*

Case Nos. 3:22-cv-213-JMK, 3:22-cv-215-JMK, 3:22-cv-216-JMK, *Stansberry v. Entry et al.*
Order of Dismissal for Deficient Filing
Page 3 of 3